## DANFORTH K. BARRETT *vs.* RHODE ISLAND CO.

### MARCH 8, 1922.

PRESENT: Sweetland C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Automobiles.  Negligence of Passenger.*

While it is true that when the circumstances of the case warrant it, the question of the contributory negligence of the passenger in an automobile may be submitted to the jury under proper instructions, a request to charge in regard to the liability of the passenger which carries the implication that the passenger must exercise some care or make some protest against the action of the driver, if he would escape the charge of contributory negligence is too broad for the question for the jury is, whether under the particular circumstances of the case, the passenger was negligent in failing to apprise the driver of the danger.

*(2)  ˙ New Trial.*

The denial of the defendant's motion for a new trial is not controlling where from the language of the trial court it may be reasonably inferred that the court found but little to support the plaintiff's case.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant and sustained.

VINCENT, J.   This is an action of trespass on the case for negligence brought by Danforth K. Barrett against the Rhode Island Company to recover damages for injuries arising out of a collision between an automobile in which the plaintiff was riding and one of the cars of the defendant.

The case was tried in the Superior Court before a justice thereof sitting with a jury and a verdict was rendered for the plaintiff in the sum of $4,000.

The defendant's motion for a new trial was heard and denied by the trial justice and the case is now before us upon exceptions of the defendant. These exceptions are five in number and cover the refusal of the trial justice to direct a verdict for the defendant; the refusal to charge as requested; and the denial of the motion for a new trial.

The plaintiff, at the time of the accident, was riding in an automobile upon the invitation of a friend who was the owner and driver thereof. The plaintiff was being taken from the central part of the city to his home on Forest street. The automobile after passsing through various streets turned from North Main street into Doyle Avenue and proceeded along that thoroughfare until it approached the corner of Camp street. The automobile was being driven at a speed of about thirteen miles an hour upon a moderately rising grade.

The driver of the automobile, with the intention of making a sweeping turn and going north on Camp street first directed his course toward the southerly side of Doyle avenue in order to facilitate that movement. As the automobile approached the corner of Camp street, the driver thereof saw an electric car which had stopped at the southerly corner of Doyle avenue and Camp street to let off passengers. He continued on, making his turn to go north on the latter street, and when his front wheels reached the first rail of the car track the electric car and the automobile came together with sufficient force to throw the plaintiff forward and bring him in contact with the wind shield, through which he suffered some injury.

The vital question in the case seems to be, Did the car start up after the automobile got in front of it or did the automobile swing around in front of the car after the latter had gotten underway?

The plaintiff testified that when he first saw the electric car he was under the impression it was standing still but was not sure whether it was or not as he paid no more attention to it until it was about to hit the automobile.

The driver of the car, Mr. Birtwhistle, testified in cross-examination that when his front wheels landed on the rail the car was only two or three feet away.

Miss Bradley, who worked under Mr. Birtwhistle at the Shepard Store and who was a passenger on the electric car, testified that the latter had started when she saw the rear of the automobile rounding the corner and the crash occurred almost immediately.

Mr. Woodward heard the horn of the automobile after the car started. The horn was sounded according to Mr. Birtwhistle, the driver, before he made the turn into Camp street.

Mr. Mathewson says that he saw the automobile turn the corner and disappear up Camp street before the electric car started. This is a brief summary of the testimony of the plaintiff and the four witnesses who testified in his behalf so far as the same relates to the respective movements of the two vehicles just prior to the collision.

From the testimony of Mr. Mathewson it is quite evident that he must have been mistaken. If the automobile had rounded the corner and disappeared up Camp street before the electric car started, the collision could not have occurred near to the place where the car had stopped to let off passengers and besides, if the automobile had passed beyond the car, the former would have been struck in the rear rather than on the side which the testimony shows was the place of contact.

There is some conflict of testimony as to whether the automobile first struck the side of the electric car and then

swung round in front of it or reached the car track without such previous contact. The determination of that particular question would be of little, if any, use in arriving at a conclusion as to the negligence of the defendant if the car was in motion at the time of either occurrence.

There is substantial testimony on behalf of the defendant, which we need not go into in detail, to the effect that the driver of the automobile undertook to pass in front of the electric car after the latter had started, and that the motorman did all he could to avert the accident.

In fact there is very little in the testimony in behalf of the plaintiff bearing upon the question of the defendant's negligence.

The defendant's request to charge, which is the subject of its second exception and which was denied by the trial court, is in the following words: "Although the negligence of the driver of an automobile is not to be charged to a passenger in the automobile yet a passenger in an automobile sitting on the front seat must use some care of his own and if he allows, without protest on his part, himself to be driven into a place of danger in front of an electric car, the passenger may be found guilty of negligence separate and apart from that of the driver."

It is undoubtedly true that when the circumstances of the case warrant it the question of the contributory negligence of the passenger may be submitted to the jury under proper instructions. We think, however, that in the present case the request was properly refused for two reasons. (1) Because the language is too broad. It carries the implication that the passenger must exercise some care or make some protest against the action of the driver if he would escape the charge of contributory negligence. The question for the jury is whether under the particular circumstances of the case the plaintiff was negligent in failing to apprise the driver of the danger. The defendant's request is, from its language, open to the objection that it requires the passenger to do something for which he may have had no warrant or opportunity. (2) We find here no evidence

which would require the trial court to charge the jury as to the negligence of the plaintiff and therefore the refusal of the request was not harmful to the defendant.

(2) While the denial of the motion for a new trial by the trial justice is entitled to and is usually given much consideration by this court, we do not feel that it is controlling in the present case. All that the trial justice is able to say bearing on the preponderance of the evidence is, "I cannot say that there was no basis for the jury's finding that the motorman was negligent."

From this language it may be reasonably inferred that the trial justice had found but little to support the plaintiff's case.

In regard to the amount of damages awarded by the jury, the trial justice says that they are excessive in his judgment but that he did not see his way clear to make any reduction.

We do not feel altogether warranted in sending the case back for the entry of judgment for the defendant but we think that justice requires that there should be a new trial.

The defendant's exceptions numbered 1 and 2 are overruled, those numbered 3, 4, and 5 are sustained, and the case is remitted to the Superior Court with direction to give the defendant a new trial.

*Huddy, Emerson & Moulton, F. B. Frost,* of counsel, for plaintiff.

*Clifford Whipple, Alonzo R. Williams,* for defendant.